Hal Taylor, Esq.
Bar No.: 4399
2551 West Lakeridge Shores
Reno, NV 89519
Tel: (775) 825-2223
Email: haltaylorlawyer@gbis.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH SHAW, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) COMPLAINT |
| Defendant. | ) |

The Plaintiff, ELIZABETH SHAW ("Plaintiff" or "Shaw"), sues the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and states:

This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2.   This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3.   At all times material hereto, Plaintiff was a resident of Clark County, Henderson, Nevada.

4.   Plaintiff was an employee of National Security Technologies, LLC ("National Security Technologies").

5.   At all times material hereto, Plaintiff is and/or was a participant in a group Long Term disability plan ("LTD Plan") issued to National Security Technologies.

1.

6. At all times material hereto, Defendant LINA, a corporation licensed to do business in the State of Nevada, was charged with issuing benefits and making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

7. The Plan was funded through a contract of insurance issued by LINA, who pays claims from its own general assets.

8. The LTD Plan contains the following definition of disability:

*"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
*1. unable to perform the material duties of his or her Regular Occupation; and*
*2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

*After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
*1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
*2. unable to earn 80% or more of his or her Indexed Earnings.*
*The Insurance Company will require proof of earnings and continued Disability."*

9. Plaintiff stopped working for National Security Technologies in November 2016 and began receiving benefits from LINA as of May 3, 2017.

10. By letter dated May 23, 2019, and after providing LTD benefits for two years, LINA determined that Plaintiff no longer met the applicable definition of disability as defined in the LTD Plan beyond May 3, 2019.

11. According to information provided by LINA, it appears as if benefits were paid through August 2, 2019.

12. Plaintiff requested reconsideration of the May 23, 2019 determination.

13. LINA affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated December 13, 2019. This denial also allowed a second appeal request by Plaintiff.

14. Plaintiff, through the undersigned counsel, advised LINA on May 18, 2020, that

she would be filing a second appeal and requested additional time to perfect the appeal.

15. By letter dated May 20, 2020 LINA provided Plaintiff with a deadline of September 8, 2020 to finalize her appeal.

16. By letter and memorandum dated August 27, 2020 Plaintiff finalized her appeal.

17. On September 2, 2020 LINA informed Plaintiff that a final decision on her appeal would be made within 30 days.

18. On September 29, 2020 LINA informed Plaintiff that it had requested additional information from a health care profession and a decision should be made within 45 days.

19. On October 21, 2020 LINA submitted, for Plaintiff's comment, additional evidence that it obtained following Plaintiff's filing of her appeal. LINA informed Plaintiff she had fourteen (14) days (or until November 4, 2020) to provider her response (See attached Exhibit A).

20. On November 3, 2020 Plaintiff submitted her response, which included additional evidence, to LINA (See attached Exhibit B). This response was emailed to LINA on November 3, 2020 and submitted via facsimile on November 4, 2020 (See attached Exhibit C).

21. By letter dated November 4, 2020 LINA issued its final administrative denial of Plaintiff's appeal. In this letter it notified Plaintiff she had until November 4, 2026 to bring any legal action.

22. In the November 4, 2020 letter LINA also wrote the following, "On 10/21/20 we provided you an opportunity to review and respond to any new evidence and/or rational for our proposed adverse decision, and advised that you had to submit any response by 11/4/20, or contact us by that date to request additional time to respond. As of the date of this letter, we have not received any response from you or a request for additional time."

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendant LINA)**

23. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive.

24. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

25. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of the termination of her LTD benefits and through the present.

26. Defendant LINA, since the termination of her benefits has failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

27. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

28. The decision denying Plaintiff the rights and benefits under the Plan was made without a full and fair review of all of the evidence submitted by Plaintiff in support of her appeals.

29. As a direct and proximate result of LINA's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

30. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to him for his services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of

action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ELIZABETH SHAW, asks this Court to enter judgment against defendant LINA, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of the date her benefits were terminated and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from the date of the termination of her benefits and through the present;

(c) Ordering Defendant to pay Plaintiff all benefits due under the Plan;

(d) Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e) Awarding the Plaintiff prejudgment interest to the date of judgment;

(f) An award reasonable attorney's fees and costs incurred in this action is proper; and

(g) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

BY: /s/ Hal Taylor
Hal Taylor, Esq.
Local Counsel
Date:

2.