Kristina N. Holmstrom
Nevada Bar No. 010086
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV 89169
Telephone:  602.778.3700
Facsimile:   602.778.3750
kristina.holmstrom@ogletree.com
*Attorneys for Defendant Life Insurance Company of North America*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ELIZABETH SHAW,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendant. | Case No. 2:21-cv-00279-KJD-EJY<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Special Scheduling Review Requested)** |

Plaintiff ELIZABETH SHAW and Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") jointly request special scheduling review and submit the following discovery plan and order for this case.

### I. Rule 26(f) Conference.

In accordance with Fed. R. Civ. P. 26(f), Hannalore Merritt and Kristina Holmstrom conferred on the schedule on a May 20, 2021. The parties agree that the standard discovery plan is not best suited for this lawsuit, for the reasons set forth below. The parties further certify, pursuant to LR 26-1(b)(78), that they have met and conferred regarding the possibility of using alternate dispute-resolution processes and alternate forms of case disposition including consent to trial by a magistrate judge and the use of the Short Trial Program. The provisions of LR 26-1(b)(9) do not apply as no jury trial is demanded in this matter.

## II. Nature of Case and Purpose of Special Review.

This claim involves payment of long-term disability benefits under a group insurance plan administered by SHAW's employer, National Security Technology (Plan Administrator) for the benefit of its employees. National Security Technology delegated the administration of claims under the plan to Defendant LINA (Claims Administrator). The Plaintiff's complaint alleges a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), seeking, *inter alia*, payment of long-term disability (LTD) benefits denied by LINA, payment of past benefits, and consideration of a claim for subsequent long-term disability benefits. This action is brought pursuant to § 502(a)(1)(B) of ERISA (29 U.S.C. §§ 1132 (a)(1)(B)). Discovery may be limited to the administrative record for Plaintiff's administrative claim and appeal. The administrative record consists of the information that was before Defendant at the time of its final decision, which includes, *inter alia*, Plaintiff's medical records, Plaintiff's arguments for the payment of benefits, the Plan Administrator's and Claim Administrator's decisions, and the long-term disability plan documents.

No discovery plan and scheduling order is generally required for review of an administrative record. LR 16-1(c)(1). An action for an administrative review usually requires that the parties file a briefing schedule. LR 16-1(c). Accordingly, the parties jointly request that this Court review and adopt the proposed non-standard discovery and case schedule set forth below:

## III. Proposed Plan

The parties have conferred and agree as follows:

**A.     Production of the Administrative Record:** LINA will disclose a copy of the ERISA administrative record by **Friday, July 9, 2021.**

**B.     Meet and Confer Period:** SHAW contends that she is entitled to conduct discovery in this matter. LINA does not concede that discovery is appropriate or permissible under the facts of this case.

Accordingly, SHAW will notify LINA by **Friday, July 30, 2021** as to the type of discovery and scope of discovery that she contends is permissible and should be conducted,

2

with reasonable specificity (including proposed written discovery where possible). The parties will then meet and confer with each other to (1) identify areas of agreement about permissible ERISA discovery; and (2) narrow the discovery requests, if possible, to gain agreement about permissible ERISA discovery and narrow areas of dispute about permissible areas of ERISA discovery. Any discovery that the parties agree is permissible ERISA discovery shall be served by **Friday, August 13, 2021**.

**C.** **Briefing re: ERISA Discovery Disputes:** To the extent that, after the meet and confer period, the parties disagree as to the permissible scope of discovery and type of discovery, on or before **Friday, August 27, 2021,** the parties will simultaneously brief the Court and request a ruling on any remaining disputes. Each party will set forth its position in no more than 10 pages. If further discovery is permitted, the Court may set a reasonable time deadline for completion of discovery at that time.

**D.** **Filing of ERISA Administrative Record and Briefing of the Merits of the Case:** If no discovery briefs are filed under Paragraph III.C., above, on or before **Friday, October 5, 2021**, Defendant will file the administrative record with this Court, the contents of which will be agreed upon by the parties.

If a joint administrative record is timely filed and simultaneous motions are not filed under Paragraph III.C., above, Plaintiff's Rule 52 and/or Rule 56 Motion shall be filed by **Friday, November 19, 2021**. Defendant's response will be due on **Friday, December 21, 2021**, and Plaintiff's reply memoranda will be due **Friday, January 7, 2022.**

If discovery motions are filed under Paragraph III.C., above, the deadlines set forth in this Paragraph III.D. will be suspended. The parties will propose new deadlines after any discovery motion has been ruled upon, to take into account any additional discovery time permitted.

**IV.** **Settlement.**

The parties intend to engage in early settlement discussions, and may agree to a mediation or settlement conference.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

| | | |
|---|---|---|
| DATED: June 7, 2021 | | HAL TAYLOR ATTORNEY AT LAW |

By:   / s/ Hal Taylor
Hal Taylor, ESQ.
haltaylorlawyer@gbis.com
Nevada Bar No.: 004399
2551 West Lakeridge Shores
Reno, NV 89519


OSTERHOUT BERGER DISABILITY LAW, LLC


By:   /s/ Hannalore Merritt
HANNALORE MERRITT, ESQ.
*Admitted pro hac vice*
hannalore@mydisabilityattorney.com
521 Cedar Way, Suite 200
Oakmont, A 15139
Telephone: 412.794.8003
Facsimile: 412.794.8050

*Attorneys for Plaintiff Elizabeth Shaw*

DATED: June 7, 2021        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Kristina N. Holmstrom
KRISTINA N. HOLMSTROM, ESQ.
kristina.holmstrom@ogletree.com
Nevada Bar No. 010086
3800 Howard Hughes Parkway
Suite 1500
Las Vegas, NV 89169
Telephone: 602.778.3700
Facsimile: 602.778.3750
kristina.holmstrom@ogletree.com

*Attorneys for Defendant Life Insurance Company of North America*

**IT IS SO ORDERED:**

DATED:   June 8, 2021

*[signature]*
UNITED STATES MAGISTRATE JUDGE

4